# In the United States Court of Federal Claims

| | |
|---|---|
| MILTON WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>                Defendant. | No. 25-cv-1311<br><br>(Filed: August 18, 2025) |

*Milton Williams*, Waldorf, MD, pro se.

**ORDER**

*Meriweather*, Judge.

      Plaintiff Milton Williams filed a pro se Complaint in this Court on August 7, 2025. Compl., ECF No. 1.  The Complaint lists U.S. Bankruptcy Judge Lori S. Simpson and attorney Keith M. Yacko of R.A.S. Crane & Partners, PLLC in the case caption as defendants along with the United States.  *Id*. at 1.  For the reasons below, the Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

      Mr. Williams styles his Complaint as seeking relief for a breach of contract and wrongful foreclosure.  *Id*.  He asserts Judge Simpson and Mr. Yacko have attempted "to steal [his] property" in violation of the Eleventh Amendment of the U.S. Constitution, the Foreign Agents Registration Act, and federal racketeering laws.  *Id*. at 2 (first citing 22 U.S.C. § 611 and then citing 18 U.S.C. §§ 1341, 1343, 1961, 1962 & 1964).  Mr. Williams further claims he does not have a valid contract with U.S. Bank.  *Id*. at 1.  The attached Exhibit shows U.S. Bank National Association moved against Plaintiff in a bankruptcy proceeding in the U.S. Bankruptcy Court for the District of Maryland.  Exhibit at 6, ECF No. 1-2.  Mr. Williams seeks an order stopping the foreclosure sale of the property, a return of the deed, and ten million dollars for his pain and suffering.  Compl. at 3.  He alleges his "debt was discharged on June 6, 2025" through a bankruptcy court proceeding and "the property was paid in full during settlement on July 12, 2019."  *Id*. at 1.

      While the Court holds pro se plaintiffs to less stringent pleading standards, a pro se plaintiff must still establish subject matter jurisdiction.  *Curry v. United States*, 787 Fed. App'x 720, 722 (Fed. Cir. 2019) (citations omitted).  The Court lacks jurisdiction over the claims in Mr. Williams' Complaint and therefore must dismiss his case.  *See* Rules of the Court of Federal Claims 12(h)(3).

The Tucker Act limits the jurisdiction of the U.S. Court of Federal Claims. *Hills v. United States*, 162 Fed. Cl. 750, 752 (2022), *aff'd*, No. 2023-1280, 2023 WL 2660172 (Fed. Cir. Mar. 28, 2023). It provides the Court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to establish that a case falls within this Court's limited jurisdiction, plaintiffs must base their claims on a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006) (citation omitted); *see also Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). This is commonly referred to as a "money-mandating" statute. *Doe*, 463 F.3d at 1324.

Here, Mr. Williams lists the United States as a Defendant in the case caption, but he does not allege any claims against the United States. He only raises claims against individuals and private entities, which is insufficient to grant this Court jurisdiction. *Beauvais v. United States*, No. 2024-1353, 2024 WL 2860170, at *1 (Fed. Cir. June 6, 2024). The Court does not have jurisdiction to hear claims against individual federal officials, including federal judges. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *Lewis v. United States*, No. 24-1838, 2024 WL 4976354, at *2 (Fed. Cl. Dec. 4, 2024). Thus, the Court must dismiss Mr. Williams' claims against Judge Simpson. The Court must also dismiss Mr. Williams' claims against Mr. Yacko because the Court does not have subject matter jurisdiction over claims against non-federal entities or private individuals. *Powell v. United States*, 151 Fed. App'x 938, 940 (Fed. Cir. 2005). For the same reason, the Court cannot hear the breach of contract claim against U.S. Bank or any other private lender. *Id*.

In addition, the sources of law Mr. Williams invokes are not money-mandating. Neither the Eleventh Amendment, the Foreign Agents Registration Act, nor federal racketeering laws confer a substantive right for money damages against the United States and therefore cannot establish this Court's jurisdiction. *See Stephens v. United States*, 165 Fed. Cl. 341, 348 (2023); *Doiban v. United States*, 173 Fed. Cl. 527, 545 (2024); *Kahn v. United States*, 759 Fed. App'x 952, 955 (Fed. Cir. 2019).

To the extent Mr. Williams seeks to have this Court review a decision of the U.S. Bankruptcy Court for the District of Maryland, this Court also cannot do so. The Court of Federal Claims is not an appellate body with the power to scrutinize other federal court decisions. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001). This is true even when those decisions allegedly result in harm to a property interest. *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001). Mr. Williams cannot seek compensation in this Court for the foreclosure of his property. *See Vasko v. United States,* 112 Fed. Cl. 204, 217–22 (2013). A plaintiff's sole recourse to challenge a federal court's decision is "the statutorily defined

appellate process." *Shinnecock*, 782 F.3d at 1353 (citing 28 U.S.C. § 1291).  This means appealing the U.S. Bankruptcy Court's decision to the appropriate court of appeals.

Accordingly, Mr. Williams' Complaint is **DISMISSED without prejudice**.  The Clerk is directed to enter judgment.  No costs awarded.

Date: August 18, 2025

/s/*Robin M. Meriweather*

ROBIN M. MERIWEATHER
JUDGE